**George H. SCHERR, an Individual, Appellant,**

v.

**NATIONAL BIO-TEST, INC., a Corporation, Appellee.**

**No. 16870.**

United States Court of Appeals
Eighth Circuit.

April 27, 1962.

Howard T. Markey, of Parker & Carter, Chicago, Ill., made argument for appellant and filed brief.

Arthur Raisch, Detroit, Mich., made argument for appellee, and Joseph A. Troia, of McGowan & Troia, Omaha, Neb., was with him on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

PER CURIAM.

This is an appeal from final judgment, entered after hearing upon the merits before the court, dismissing plaintiff's complaint for infringement of Reissue Patent No. 24,557, issued to plaintiff covering "Means for Assessing the Effect of Various Agents on the Growth of Microorganisms."

The trial court in a memorandum opinion reported at 197 F.Supp. 372 describes the patent, sets out the claims,[1] discusses the prior art, makes findings of fact and upon the basis of such findings, concludes:

"It is the conclusion of the Court that plaintiff's device teaches only what was previously known in the art; that it does not produce an unusual or surprising consequence; that it is anticipated by the prior art; and that it does not meet the

---

1. In setting out claim 4 (p. 374, 197 F. Supp.) the trial court apparently through inadvertence failed to include in said claim the words "spaced thereon and extending therefrom, said portions". Such words should appear immediately preced-

ing the word "being" in line 9 of said claim 4. It is obvious that the foregoing omission did not affect the trial court's decision. The thought of the omitted words is incorporated in other claims properly set out.

standard of invention required by the Patent Statute, 35 U.S.C.A. § 1 et seq. In view of the foregoing the Court finds that plaintiff's patent in suit is void for want of invention."

We have carefully considered the record. The trial court's finding that the subject matter of the patent did not meet the standards of invention required by the patent statute is supported by substantial evidence. The trial court's opinion clearly reflects that its findings and conclusion were not induced by any erroneous view of the law. No purpose would be served by retreading the ground so well covered by Judge Robinson in his published opinion.

Upon the basis of such opinion, the judgment appealed from is affirmed.